IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAWRENCE GENE STRICKLAND, II                                        PLAINTIFF

v.                              Civil No. 6:15-CV-06074-PKH-BAB

SHERIFF DAVID NORWOOD, *et. al.*                                    DEFENDANTS

### REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* (IFP). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P.K. Holmes, III, Chief United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court Order and failure to prosecute. Also before the Court is Defendants' Motion to Dismiss. ECF No. 22. After careful consideration, the Court makes the following Report and Recommendation.

**1.    BACKGROUND**

Plaintiff filed his Complaint on July 17, 2015. ECF No. 1. In the IFP Order entered on August 11, 2015, Plaintiff was advised that failure to keep the Court informed of his current address could result in the dismissal of his case. ECF No. 6.

On June 8, 2016, Defendants filed a Motion to Dismiss, stating they had been unable to effect service of correspondence on Plaintiff. ECF No. 22. Specifically, mail sent to Plaintiff at the Arkansas Department of Correction (ADC) East Arkansas Regional Unit was returned as undeliverable, noting Plaintiff had been paroled.[1] On June 9, 2016, the Court entered an Order

---

[1] Research by the Court indicates Plaintiff was paroled on March 16, 2016.

changing Plaintiff's address to the free world address given at his last booking.[2] This Order reminded Plaintiff that failure to keep the Court apprised of a valid current address would result in dismissal of his case. An Order to Show Cause for failure to keep the Court informed of his current mailing address was also entered on June 9, 2016. Both Orders were returned as undeliverable on June 16, 2016. The Order cancelling the Summary Judgment Hearing set for November 11, 2016, was returned as undeliverable on October 11, 2016.

Plaintiff has not communicated with the Court since November 5, 2015. ECF No. 14.

## 2. APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the

---

[2] This address is the current address of record at 1485 Country Club Road, Camden, AR,

plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.  DISCUSSION**

Plaintiff failed to comply with the Court's Order directing him to keep the Court informed of his current mailing address. Plaintiff failed to respond of the Court's Order to Show Cause. Plaintiff failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Order, and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.  CONCLUSION**

For the foregoing reasons, I recommend Defendants' Motion to Dismiss (ECF No. 22) be **GRANTED**, and Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local

---

71701.

Rules, has failed to comply with the Court's Orders, and has failed to prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 17th day of October, 2016.

>        /s/ Barry A. Bryant
>        HON. BARRY A. BRYANT
>        UNITED STATES MAGISTRATE JUDGE